

FILED

**NOT FOR PUBLICATION**

NOV 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TWO TEN, LLC, a California Limited Liability Company and CHRISTINE A. PETRIKAS, <br><br>                 Plaintiffs - Appellants, <br><br>   v. <br><br> DANNY ENEVOLDSON and EUGENE ENEVOLDSON, <br><br>                 Defendants, <br><br>   and <br><br> CELLXION, LLC, a Louisiana Limited Liability Company, <br><br>                 Defendant - Appellee. | No. 12-56365 <br><br> D.C. No. 8:11-cv-01446-CJC-MLG <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted November 5, 2013[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

Appellants Two Ten, LLC, and Christine Petrikas appeal the district court's denial of their May 29, 2012 motion for relief pursuant to Federal Rule of Civil Procedure 60(b). The district court denied Appellants' Rule 60(b) motion, in part, because Appellants failed to provide adequate reasons for the delay: "[Appellants'] proffered reason for failing to receive notice of the Court's April 30, 2012 minute order is not credible in light of the Court's record showing that [Appellants] received proper notice, . . . and the fact that [Appellants'] counsel did not have any apparent difficulty in receiving any of the other email notifications from the Pacer system." Placing great weight on that factor was not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc). Therefore, the district court did not abuse its discretion. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000); *see also Lemoge v. United States*, 587 F.3d 1188, 1194 (9th Cir. 2009) ("Because the standard under Rule 60(b) is an equitable standard it may follow that in some circumstances a district court may satisfy the standard even though omitting to discuss some specified factor." (citation omitted)).

**AFFIRMED.**